**COALITION ON POLITICAL ASSASSINATIONS,**
Appellant,

v.

**DEPARTMENT OF DEFENSE,**
Appellee.

No. 00–5162.

United States Court of Appeals, District of Columbia Circuit.

May 25, 2001.

Before HENDERSON, TATEL, and GARLAND, Circuit Judges.

*JUDGMENT*

This case was heard on the record from the United States District Court for the District of Columbia and on the briefs and arguments by counsel. The court has accorded the arguments full consideration and has determined the issues presented occasion no need for a published opinion. *See* D.C.Cir. Rule 36(b).

The district court correctly held that the Department of Defense (DOD) satisfied its obligation under the Freedom of Information Act, 5 U.S.C. § 552, to search for records responsive to the appellant's request for "[a]ny and all records related to any surveillance of Dr. Martin Luther King, Jr. during March or April 1968." The DOD's affidavits establish that it searched its record indices for documents relevant both to the appellant's initial request and to specific code words the appellant later supplied. Further, the appellant

has not offered any evidence rebutting the adequacy of the search. That responsive documents may have once existed does not establish that they remain in the DOD's custody today. The DOD demonstrated below that its repository was purged of surveillance records during the mid–1970s and that documents such as those sought were at that time either destroyed or forwarded to the National Archives and Records Administration. Nor should a search based on the appellant's limited request have produced, as the appellant claims, daily personnel assignment records with no apparent connection to the alleged surveillance or to the code words. In sum, the DOD met its burden on summary judgment to "demonstrate beyond material doubt that its search was reasonably calcu-lated to uncover all relevant documents." *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 890 (D.C.Cir.1995) (internal quotations omitted). Accordingly, it is

ORDERED that the judgment of the district court be affirmed.

The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir. Rule 41(a)(1).